**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| ABDURAQEEB J. WHITE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   No. 4:24-CV-01006-RWS |
| | ) |
| SHALONDA WEBB, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court upon review of self-represented plaintiff Abduraqeeb J. White's Application to Proceed in District Court Without Prepaying Fees or Costs. (ECF No. 2). Also before the Court is Plaintiff's Motion for Appointment of Counsel (ECF No. 3). For the reasons explained below, the Court will deny Plaintiff's motions.

1. Application to Proceed in District Court Without Prepaying Fees or Costs

This Court may authorize a litigant to proceed in forma pauperis, and have the costs of his lawsuit borne by the public, if the litigant files an affidavit stating that he is unable to pay the costs of the suit. 28 U.S.C. § 1915; *Neitzke v. Williams*, 490 U.S. 319, 324 (1989); *Andrews v. Nicholson*, 2005 WL 2403449, at *1 (W.D. Mo. Sept. 28, 2005). The Court has discretion to determine whether a litigant is sufficiently impoverished to qualify under § 1915. *Cross v. General Motors Corp.*, 721 F.2d 1152, 1157 (8th Cir. 1983). A showing of poverty is sufficient if paying the costs of the lawsuit would render the litigant destitute or force him to give up the basic necessities of life. *Adkins v. E.I. Du Pont De Nemours & Co.*, 335 U.S. 331, 339 (1948).

Here, Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs shows he takes home $3,500 per month in wages, has $2,000 available in cash, has no dependents, and has one $74,000 mortgage. The Court finds that Plaintiff does not financially qualify for in forma

pauperis status. *See, e.g., Andrews*, 2005 WL 2403449, at *1 (denying in forma pauperis status to a plaintiff who reported a net income of $1,934.00 per month and $200.00 available in cash). Therefore, the Court will deny Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs. If Plaintiff wishes to proceed with this lawsuit, he must pay the $405 filing fee within 21 days from the date of this Memorandum and Order.

    II.    Motion for Appointment of Counsel

There is no constitutional or statutory right to the appointment of counsel in a civil case. *Wiggins v. Sargent*, 753 F.2d 663, 668 (8th Cir. 1985). As explained above, the Court has determined that Plaintiff does not financially qualify for leave to proceed in forma pauperis. As a result, there is no basis for the appointment of counsel at public expense. The Court will therefore deny Plaintiff's Motion for Appointment of Counsel.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (ECF No. 2) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Appointment of Counsel (ECF No. 3) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff must pay this Court's $405 civil filing fee within 21 days of the date of this Memorandum and Order. **If Plaintiff fails to timely pay the Court's $405 civil filing fee as directed in this Memorandum and Order, this case will be dismissed without prejudice and without further notice.**

                                                      */s/ Rodney W. Sippel*
                                                    RODNEY W. SIPPEL
                                                    UNITED STATES DISTRICT JUDGE

Dated this 31st day of July, 2024.